454 A.2d 129

**Teresa BERRESFORD, Appellant,**

v.

**Russell BERRESFORD, Joseph Berresford, Dolores Berresford.**

Superior Court of Pennsylvania.

Argued Dec. 6, 1982.

Filed Dec. 23, 1982.

William J. Krencewicz, Shenandoah, for appellant.

Maureen E. Krueger, Pottsville, for appellees.

Before SPAETH, WICKERSHAM and LIPEZ, JJ.

PER CURIAM:

This is an appeal from an order entered over two and one half years ago dismissing appellant's petition for custody of her child and awarding custody to appellee.

The record was not transmitted to this court until July 1, 1982, and even now the record is not complete, for the lower court has not filed an opinion in support of its order. It is therefore impossible for this court to decide the merits of the lower court's decision:

> So as to facilitate [our] broad review, we have consistently emphasized that the hearing court must provide us ... with a complete and comprehensive opinion which contains a thorough analysis of the record and specific reasons for the court's ultimate decision. [citations omitted] ... We have often noted that the hearing judge is in a far superior position to determine matters of credibility, and to evaluate the attitude and sincerity of the witnesses. [citations omitted] Such an advantage is negated, however, when the trial court fails to enunciate its findings on credibility, or reveal the details of its decision.

While we might review the record and reach a conclusion without the benefit of a proper analysis by the lower court, such a course would serve neither the best interests of the children nor the Commonwealth. We are loath to pass judgment on something as precious and intrinsically valuable as a child's welfare without every possible piece of information bearing on the subject. It is for this reason that we demand a full record and a probing analysis thereof.

*In re Arnold,* 286 Pa.Super. 171, 174–75, 428 A.2d 627, 628–29 (1981).

*See also Commonwealth ex rel. Newcomer v. King,* 301 Pa.Super. 239, 447 A.2d 630 (1982).

Accordingly, we shall remand the case with instructions that a hearing be conducted as soon as possible. At that hearing the lower court shall receive such evidence as necessary to bring the record up to date. The record shall then be transcribed forthwith, and the lower court shall promptly enter an order awarding custody, accompanying its order with an opinion in the form required by law. Pending these further proceedings, the child may remain with appellee. We do not retain jurisdiction.

So ordered.