556 A.2d 409

David **ARTZT**, Appellee,

v.

Karen **ARTZT**, Appellant.

Superior Court of Pennsylvania.

Argued Dec. 13, 1988.

Filed March 27, 1989.

──────

6. The prosecutor stated, "One down and four to go."

24

Karen Artzt, in propria persona.

Robert M. Rosenblum, Stroudsburg, for appellee.

Before CAVANAUGH, McEWEN and POPOVICH, JJ.

POPOVICH, Judge:

This is an appeal from the order of July 15, 1986, awarding physical custody of the parties' minor daughter, Jennifer, to the appellee, David Artzt.

■ Shortly after the entry of the order in question, an appeal was taken by Karen Artzt to this court. However, the substantive issues of the appeal were not addressed by this court. Since the Honorable Harold A. Thomson, Jr., President Judge of the 60th Judicial District, neglected to write an opinion in support of the custody order, we remanded the case to allow the court below to file a comprehensive opinion which would include a thorough analysis of the record, findings of facts and conclusions of law. *Artzt v. Artzt*, 371 Pa.Super. 637, 534 A.2d 125 (No. 2161 Philadelphia 1986, filed September 21, 1987). Effective appellate review in custody disputes requires that the hearing court file a complete and comprehensive opinion which contains an exhaustive analysis of the record and specific reasons for the court's ultimate decision. *See Harner v. Harner*, 330 Pa.Super. 343, 479 A.2d 583 (1984); *Berresford v. Berresford*, 308 Pa.Super. 278, 454 A.2d 129 (1982). When no such opinion is filed, remand for filing of an opinion by the lower court is mandated. *Delbaugh v. Delbaugh*, 337 Pa.Super. 587, 487 A.2d 417 (1985); *Commonwealth ex rel. Leighann A. v. Leon A.*, 280 Pa.Super. 249, 421 A.2d 706 (1980).

On March 27, 1987, the Honorable Robert J. Conway, President Judge of the 22nd Judicial District, was appointed to preside specially over this remanded matter.[1] Eventual-

---

1. For reasons not revealed in the record before us, the Supreme Court of Pennsylvania approved a Request for Assignment of Judge. The appellant asserts that Judge Thomson recused himself from this case.

ly, on August 3, 1988, Judge Conway filed an opinion which stated:

[T]his Court did not begin presiding over the above-captioned matter until March 27th, 1987. It was President Judge Harold A. Thomson, Jr., who issued the July 15th, 1986 Order. Because of that fact, this court cannot provide the Superior Court with any further insight into the above-captioned matter than has already been given herein.

Further, this Court has been unable to locate, at the Pike County Prothonotary's office, notes of testimony from the June 25th, 1986 hearing, or the report of Dr. Gardner, mentioned in the July 15th Order. For these above reasons, this Court is unable to present the Superior Court with a comprehensive analysis of reasons in support of the Court's Order of July 15th, 1986.

Finally, this Court suggests that the issue of whether the trial court abused its discretion by continuing placement of the minor child in the physical custody of her father beyond the completion of the school year is now moot. The reason being, Jennifer since November 4th, 1987, has been in the legal custody of the Court with physical custody in Northern Tier Diagnostic Center.

Judge Conway went on to note that "this Court [has] recused itself and Senior Judge Donald O'Malley was appointed to handle further proceedings."[2]

Instantly, we are presented with a situation immeasurably worse than when this appeal first appeared before us over two and one-half years ago. To say the record before us is woefully incomplete is a conservative understatement: large sections of the record are missing; a transcript of the custody hearing of June 25, 1986, upon which the order in question was based, is missing; the one-hundred plus page

However, the reasons for Judge Thomson's recusal do not appear in the record.

2. The reasons for Judge Conway's recusal do not appear in this record.

psychological report of Dr. Gardner is missing; and the comprehensive opinion has not been written. Further, the appellant's assertion that Judge Conway declared her child dependent and placed her under the legal custody of the court appears substantiated by Judge Conway's opinion. However, the record is devoid of any evidence of an official dependency adjudication and disposition.

The inherent difficulties in custody matters have been exacerbated by the "revolving door" of judges presiding over this case. The first judge failed to file an opinion in support of the custody order. The second judge, due to the state of the record before him, was unable to comply with our directive to file a comprehensive opinion in support of the custody order. Now, a third judge has been assigned to this case, and, in reality, he too will be unable to provide us with any further insight into this matter without an vastly improved record.

Further, this case is a sorrowful example of a custody suit where the parents have placed their personal differences above the best interests of their child. Even from the minimal record *sub judice*, it is abundantly clear that the litigants have continuously used their teenage daughter as a weapon against one another with shameful disregard for the obvious strain placed upon her.

■ In custody matters, our paramount concern is the best interest and welfare of the child; all other considerations are deemed subordinate to the child's well-being. *Fisher v. Fisher*, 370 Pa.Super. 87, 535 A.2d 1163 (1988). To remand this case a second time in order to grant a third judge an opportunity write the first comprehensive opinion in support of this custody order would be fruitless and would not serve the best interest of Jennifer in light of the record before us. In *Kozlowski v. Kozlowski*, 362 Pa.Super. 516, 524 A.2d 995 (1987), we noted that a two-year old record in a custody action is not "up-to-date" and cannot possibly reflect "what is *currently* in the children's best

28

interest." Clearly, the record before us is similarly stale. Thus, remand to the lower court is our only option since our broad scope of review does not vest this Court with the duty or the privilege of making our own independent custody determination. *Lombardo v. Lombardo*, 515 Pa. 139, 527 A.2d 525 (1987). Rather than usurp the factfinding function of the lower court, we will remand this case for an evidentiary hearing and entry of a custody order consistent with Jennifer's best interest.

The record indicates that circumstances have substantially changed since the entry of the order; for example, as we noted earlier, Jennifer presently may be in the legal custody of the court. Further, common sense dictates that the circumstances underlying the custody order must have changed during the two years and seven months which have passed since entry of the disputed order. It is axiomatic that child custody orders are temporary in nature and subject to change if new circumstances affect the welfare of the child. *Parker v. MacDonald*, 344 Pa.Super. 552, 496 A.2d 1244 (1985). Since circumstances have changed substantially since the entry of the custody order in July of 1986, we will remand this case for a hearing to reconsider the merits of the previous order. *Karis v. Karis*, 518 Pa. 601, 544 A.2d 1328 (1988); *Snarski v. Krincek*, 372 Pa.Super. 58, 538 A.2d 1348 (1988); *Fatemi v. Fatemi*, 339 Pa.Super. 590, 489 A.2d 798 (1985). Given the incomplete state of the record and the changed circumstances of this case, we cannot rule on the substantive issues raised by the appellant. Rather, the only reasonable solution is to remand this custody case for an evidentiary hearing before Judge O'Malley. The custody hearing must be held within twenty days of the court's receipt of the record, and the custody order must be entered within ninety days thereafter. Pa.R.App.P. Rule 2591(b).

Case remanded for proceedings consistent with this Opinion. Jurisdiction is relinquished.