659 A.2d 1040

**Debra ALFRED,**

v.

**Ronnie BRAXTON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 13, 1995.

Filed June 7, 1995.

382

Craig A. Cohen, Philadelphia, for appellant.

Leslie G. Bohner, Philadelphia, for appellee.

Before DEL SOLE, FORD ELLIOTT and HESTER, JJ.

HESTER, Judge:

Ronnie Braxton, Father, appeals from the order of the Philadelphia Court of Common Pleas granting appellee-Mother, Debra Alfred, primary physical custody of the parties' daughter. For the reasons which follow, we reverse and remand.

Father has been a Pennsylvania resident since 1979; Mother is a resident of Trinidad who has been living in the United States since 1989. Notes of Testimony ("N.T."), 9/1/94, at 33, 56. Mother is married and separated from her husband, Wayne Alfred, also a citizen of Trinidad who lives in New York. *Id.* at 36–37. Mother and her husband have two children who were born in Trinidad and presently reside with Mother. *Id.* at 31–32. Mr. Alfred is not involved in this case.

Father met Mother in 1989. Mother was separated at that time. Based upon her representation that the marriage was over, Father began a relationship with Mother. *Id.* at 56.

Mother became pregnant in 1991 and a daughter, Maayan Braxton, was born out of wedlock on January 15, 1992. *Id.* at 20. The parties lived together in Philadelphia with Maayan for approximately one year, when Mother left the residence with Maayan in March, 1993, and moved in with Mother's sister, also in Philadelphia. *Id.* at 24, 57.

Mother filed a complaint to confirm custody on August 27, 1993, and Father filed a complaint for custody on December 30, 1993. Beginning in December, 1993, the parties began a shared custody arrangement whereby Mother had physical custody of Maayan Friday mornings until Monday mornings and all day Wednesday, and Father had physical custody of the child Monday mornings until Wednesday mornings and Wednesday evenings until Friday mornings.

A hearing was held on September 1, 1994, at which both parties testified. There were no other witnesses at the hearing. At the conclusion of the hearing, the trial court entered the following order:

> And Now, this 1st day of September, 1994, it is hereby ordered that:
>
> Primary Physical Custody of the child Maayan Braxton is awarded to mother, Debra Alfred. Father's Complaint for Custody, filed by father on 12–30–93 is denied. Parties are to share legal custody. Partial physical Custody shall be awarded to father. Father's attorney is to present the terms of the partial custody for father to the Court, in written form, within one week.

This appeal followed.

■ The first issue presented for our review is whether a document from the United States Immigration and Naturalization Service was admissible into evidence at the custody hearing. Father sought to admit the document to prove that Mother was an illegal alien. The trial court denied its admission, holding that it was not properly authenticated and therefore, inadmissible. Father asserts that the record he sought to introduce was self-authenticating or properly authenticated pursuant to 42 Pa.C.S. §§ 6103 and 6104.

We need not decide this issue because Mother, in fact, testified that she was not lawfully in the United States. Mother testified that she came to the United States on a visa which had expired sometime in 1990. N.T., 9/1/94, at 35. She acknowledged that she is not a United States citizen and that she is waiting for a green card when she will seek United States citizenship. *Id.* at 35–36, 40. The evidence Father sought to introduce was admitted freely by Mother. Thus, even if the trial court erred in refusing to admit the document, any error was harmless.

█ Appellant's second issue is that the trial court failed to consider the child's best interests when it awarded primary physical custody to Mother in light of the facts that the child spent one-half of her time with Father, Mother leaves the child without adequate supervision, and Mother is present in this country illegally.

█ It is clear that in matters of custody and visitation, the ultimate consideration of the court is a determination of what is in the best interests of the child. Such a determination, made on a case-by-case basis, must be premised upon consideration of "all factors which legitimately have an effect upon the child's physical, intellectual, moral and spiritual well-being." *Lee v. Fontine,* 406 Pa.Super. 487, 488, 594 A.2d 724, 725 (1991), citing *Zummo v. Zummo,* 394 Pa.Super. 30, 574 A.2d 1130 (1990). Moreover, the proper standard of review for an appellate court in a custody case is well-established.

> The scope of review of an appellate court reviewing a child custody order is of the broadest type; the appellate court is not bound by the deductions or inferences made by the trial court from its findings of fact, nor must the reviewing court accept a finding that has no competent evidence to support it. *Commonwealth ex rel. Robinson v. Robinson,* 505 Pa. 226, 478 A.2d 800 (1984); *Commonwealth ex rel. Spriggs v. Carson,* 470 Pa. 290, 368 A.2d 635 (1977) (plurality). However, this broad scope of review does not vest in the reviewing court the duty or the privilege of making its own independent determination. *Lombardo v. Lombardo,* 515

Pa. 139, 146, 527 A.2d 525, 529 (1987). Thus, an appellate court is empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but it may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion. *Id.*

*McMillen v. McMillen,* 529 Pa. 198, 202, 602 A.2d 845, 847 (1992).

 Finally, in a custody matter, the trial court must file a comprehensive opinion containing its findings and conclusions regarding all pertinent facts. *Egelkamp v. Egelkamp,* 362 Pa.Super. 269, 524 A.2d 501 (1987), citing *Commonwealth ex rel. Leighann A. v. Leon A.,* 280 Pa.Super. 249, 421 A.2d 706 (1980). Effective appellate review requires a complete and comprehensive opinion containing an exhaustive analysis of the record and specific reasons for the court's ultimate decision. *Artzt v. Artzt,* 383 Pa.Super. 23, 556 A.2d 409 (1989); *see Harner v. Harner,* 330 Pa.Super. 343, 479 A.2d 583 (1984); *Berresford v. Berresford,* 308 Pa.Super. 278, 454 A.2d 129 (1982). When no such opinion is forthcoming, we must remand to the trial court. *Artzt v. Artzt, supra,* 383 Pa.Super. 23, 556 A.2d 409.

In the brief opinion filed in this case, the trial court states only that it refused to accept the documents concerning Mother's status as an illegal alien because they were not authenticated. Even this alleged error, which we determined had no impact at trial, is not analyzed or explained by the court. As to the child's best interests, which the trial court acknowledged it was to consider, the court states only that they will be served by Mother. There are no findings of fact, no analysis of the evidence, and no explanation as to why and how the trial court determined that Maayan's best interests would be served by primary custody in Mother.

"[S]ince our broad scope of review does not vest this court with the duty or the privilege of making our own independent custody determination," remand to the lower court is our only option. *Artzt v. Artzt, supra,* 383 Pa.Super. at 26, 556 A.2d at

411. While we are loathe to delay resolution of this matter, and do so only in rare instances, our review of the record and the trial court's "opinion" allows for no other alternative. We are offered neither guidance as to the credibility of the witnesses nor the court's findings about Father's credibility when he testified Maayan was inadequately supervised during Mother's periods of physical custody. "We have often noted that the hearing judge is in a far superior position to determine matters of credibility, and to evaluate the attitude and sincerity of the witnesses." *In re Custody of White*, 270 Pa.Super. 165, 411 A.2d 231, 233 (1979). The trial court did not comment on any of the allegations Father made regarding Mother's supervision of Maayan, made no mention of the suitability of either party as a primary caretaker, and failed to comment on Mother's suitability for primary custody in light of her admitted status as an illegal alien.[1]

A trial court opinion must reveal to the appellate court that the lower court conducted a thorough analysis of the record. We are unable to glean any reasons, let alone specific ones, for the trial court's decision. There is no way for us to determine what the deciding factors were for the trial court's decision, nor can we determine if the court attached any weight to any of the testimony offered by either of the parties.

We are constrained to conclude that we must remand this case. While the present record may provide a sufficient basis for a comprehensive opinion, we do not limit the ability of either party to request, or the lower court's discretion to require, a further hearing. *See Kimmey v. Kimmey*, 269 Pa.Super. 346, 409 A.2d 1178 (1979).

Order reversed. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

---

1. The court's only statement in this regard is that it was trying a custody matter, not conducting an immigration hearing. Such a conclusion, which was apparent in the court's attitude throughout the custody hearing, has nothing to do with whether the court must consider such evidence in analyzing how this child's interests will best be served.