**Resh v. Resh**

*Lisa D. Gentile,* for plaintiff.
*Kimberly Resh,* pro se.

LASH, *J.,* October 6, 2008—This court held a child custody trial on October 3, 2008. At issue is whether defendant, Kimberly Resh (Mother), should be limited to supervised visits with the minor children. We enter the following findings of fact:

## I. FINDINGS OF FACT

(1) Plaintiff, Donald Resh (Father), is an adult individual who currently resides at 310 Rugby Road, Birdsboro, Berks County, Pennsylvania 19508.

(2) Defendant, Kimberly Resh (Mother), is an adult individual who currently resides at an undisclosed address in Berks County, Pennsylvania.

(3) The parties are the natural parents of two minor children, Mason Resh, born January 25, 2006, and Brennan Resh, born January 25, 2007.

(4) The parties were husband and wife, residing together until February 2007, when Mother was incarcerated. Since that time, the parties have remained separated, and the minor children have resided with Father.

(5) Mother's incarceration was from February 2007 to March 2008, resulting from convictions on theft charges. There are also current charges against her. The first one is for identity theft, filed on September 17, 2008, where it is alleged that she used Father's Social Security number to obtain credit, without his consent. Secondly, there was a retail theft charge filed on September 23, 2008.

(6) On April 17, 2008, after a pretrial conference, this court entered a temporary order, by agreement of the parties, setting forth that Father would have primary custody of the minor children and Mother would have visitation, supervised by Father for four hours every Thursday and four hours every Saturday, the times and places to be agreed upon by the parties.

(7) On August 5, 2008, this court modified the temporary order such that Mother's supervised visitation time would take place for four hours every Tuesday and four hours every Thursday, the times and places to be agreed upon by the parties.

(8) Father currently resides with the minor children, the paternal grandparents, and Father's brothers, Michael and Jason Resh. When Father is unavailable to watch the minor children due to his work schedule, the paternal grandparents watch the minor children.

(9) Mother has a minor child from another relationship, Tyler Milito, who is 14 years old.

(10) Mother's address is unknown. Mother appeared at the pretrial conferences and was advised by this court of the date for trial at that time. She failed to appear for trial, and did not contact the court to provide an explanation.

(11) Mother is currently on parole.

## II. DISCUSSION

In making disposition on this case, this court considered the testimony of Father, exhibits he supplied, and a review of the record.

Father has been the sole custodian of the minor children since Mother's incarceration in early February 2007. At that time, Brennan was only about two weeks old. Since Mother's release in March 2008, she has had sporadic contact with the minor children. Unfortunately, since the new charges have been filed, Mother has had no contact with the minor children, and her whereabouts are unknown. It is likely that her disappearance is related to her avoidance of prosecution on the new charges and/or for a parole violation. Apparently, she is more concerned about maintaining her freedom than being a proper mother to these minor children.

At issue is primary physical custody. The paramount concern in a child custody proceeding is the best interests of the child. *Costello v. Costello,* 446 Pa. Super. 371, 375, 666 A.2d 1096, 1098 (1995). A determination of what is in the best interests of a child is made on a case-by-case basis and must be premised upon consideration of all factors which legitimately have an effect upon a child's physical, intellectual, moral and spiritual well-

being. *Alfred v. Braxton,* 442 Pa.Super. 381, 385, 659 A.2d 1040, 1042 (1995).

Under these circumstances, this court shall award Father sole legal custody and primary physical custody. Father has demonstrated that he has adequately provided for the day-to-day maintenance of the minor children. Due to Mother's issues and avoidances, Father has been relegated to being the sole caretaker. Fortunately for the minor children, he has embraced these responsibilities. Additionally, the paternal grandparents are available to help out when necessary.

Based on Mother's checkered history and failure to appear, it is apparent that Mother cannot be trusted with extensive time with the minor children, at this time. Upon questioning by the court, Father stated that he had no problem with the continuation of supervised visitation. This would enable Mother to continue to have contact with the minor children, if she desires. There is no evidence that she has posed any threat to the minor children. Father's concern is that she is unreliable, that she is likely to be arrested again and be removed from the minor children's lives, and that she may even be arrested in front of the minor children, which could be traumatic. In fact, when Mother was arrested in February of 2007, the arrest occurred in front of the minor children. Father is adamant that he does not want this to occur again, particularly once the minor children are able to comprehend what is going on.

We enter the following order:

## ORDER

And now, October 6, 2008, after trial held, custody of the parties' minor children, Mason Resh, born January 25, 2006, and Brennan Resh, born January 25, 2007, shall be as follows:

(1) Plaintiff, Donald Resh, shall have sole legal custody and primary physical custody of the minor children.

(2) Defendant, Kimberly Resh, shall have supervised visits in the presence of Father, at such times as the parties shall agree. In the event the parties are unable to agree, either party may request court intervention through an appropriate petition.

(3) The orders of April 17, 2008 and August 5, 2008 are vacated.

(4) The attached appendix shall be made a part of the within order.

## APPENDIX TO ORDER

Certain rules of conduct which generally apply to custody matters are set forth below and are binding on both parties, the breach of which could become the subject of contempt proceedings before this court, or could constitute grounds for modification of this order. If these general rules conflict with any specific provisions of the order, the order shall prevail.

(1) In addition to the foregoing rights, both parties shall also have the following rights with respect to the children:

(A) The right to reasonable telephone contact with the children when they are in the other parent's custody.

(B) The right to be fully informed concerning the progress of the children in school and the children's medical status, including the right to obtain the necessary information directly from the children's school or medical practitioner; and

(C) The right to be informed in advance before any important decisions are made concerning the children and the opportunity to participate in those decisions.

(2) In the event of any serious illness of the children at any time, any party then having custody of the children shall immediately communicate with the other party by telephone or by any other means, informing the other party as to the nature of such illness, and during such illness, each party shall have the right to visit the children as he or she desires consistent with the proper medical care of the children.

(3) Neither party shall alienate nor permit to attempt to alienate the children from the other party. While in the presence of the children, neither parent shall make any remarks or do anything which is derogatory or uncomplimentary to the other and it shall be the duty of each parent to uphold the other parent as one the children should respect and love.

(4) Both parties shall provide each other with their addresses and telephone numbers of their residences and anytime they take a trip with the children out of the jurisdiction of Berks County in excess of three days.

(5) The parties shall not conduct arguments or heated conversation when they are together in the presence of their children.

(6) The parties shall, at all times, consider the children's best interests, and act accordingly. It is in a child's best interest to understand that he or she is trying to desperately cope with the fact of his or her parents' separation, and needs help in loving both parents, rather than interference or censure.

(7) Neither party shall question the children as to the personal lives of the other parent except insofar as necessary to insure the personal safety of the children. By this we mean that the children will not be used as spies on the other party. It is harmful to a child to be put in the role of spy.

(8) The parties should remember that they cannot teach their children proper moral conduct by indulging in improper conduct themselves. Children are quick to recognize hypocrisy, and the parent who maintains a double standard will lose the respect of his or her child.

(9) Weekend and evening visitation shall be subject to:

(A) Arrangements will be worked out beforehand between the parties without forcing the children to make choices and run the risk of parental displeasure. However, the children shall be consulted as to their schedules when appropriate.

(B) Visitation rights shall be exercised at reasonable hours and under circumstances reasonably acceptable to the other party and to the need and desire of the minor children.

(C) If a party finds himself or herself unable to keep an appointment, he or she should give immediate notice to the other party, so as to avoid subjecting the children to unnecessary apprehension and failure of expectations.

(D) The party having custody of the children should prepare them both physically and mentally for the transfer of custody to the other party and have them available at the time and place mutually agreed upon.

(E) If either party or a child has plans which conflict with a scheduled visit and wish to change such visitation, the parties should make arrangements for an adjustment acceptable to the schedules of everyone involved. Predetermined schedules are not written in stone, and both parties should be flexible for the sake of the children.

(F) If a party shows up for a visit under the influence of alcohol or drugs, the visit may be considered forfeited on those grounds alone.

(10) If either party feels the other party has violated this order, they may petition the court as set forth in Pa.R.C.P. 1915.12.