**Kline v. Yanick**

C.P. of Berks County, no. 03-6555.

*James D. Wolman*, for plaintiff.
*Theodore S. Yanick III* and *Tracey G. Yanick*, pro se.

LASH, *J.*, November 9, 2010—The matter before this court is the complaint of plaintiff, Kathy S. Kline (hereinafter "grandmother"), seeking partial custody of her two (2) grandchildren. Trial was held on November 5, 2010. The court enters the following findings of fact:

## I. FINDINGS OF FACT

1. Plaintiff, Kathy S. Kline (hereinafter "grandmother") is an adult individual who currently resides at 76 Heister Street, Box 304, Strausstown, Berks County, Pennsylvania 19559.

2. Defendant, Theodore S. Yanick, III (hereinafter "father") is an adult individual who currently resides at 673 Benjamin Franklin Highway, Douglassville, Berks County, Pennsylvania 19518.

3. Defendant, Tracey G. Yanick (hereinafter "mother") is an adult individual who currently resides at 718 Birch Street, Reading, Berks County, Pennsylvania 19604.

4. Father and mother are the natural parents of two (2) minor children, Alexandria Yanick, born January 8, 1999, and Timothy Yanick, born November 14, 2001, (hereinafter "minor children"). Grandmother is the paternal grandmother of the minor children.

5. Mother and father were formerly married, separating in 2003 and receiving a divorce in June of 2006.

6. Grandmother currently resides with her husband, Charles H. Kline, Jr.

7. Father currently resides with his wife, Terry Yanick, and her daughter.

8. Mother currently resides with the minor children.

9. There were several custody orders entered addressing the rights and duties of father and mother, the

first order being entered on January 28, 2004. The latest order is dated February 24, 2010. That order was entered by agreement of the parties and set forth, among other things, that mother and father would share legal custody of the minor children, with mother to have primary physical custody and father to have partial physical custody every other weekend from Friday at 5:00 p.m. until Sunday at 7:00 p.m.

10. The order of February 24, 2010 also provided, in paragraph 12, the following:

The children shall not be in the presence of father's mother, Kathy Kline, until such time as father provides a letter from his counselor to mother or to mother's attorney stating that father is capable of protecting the children's safety while they are in the presence of father's mother and that he is present and supervising the children in the presence of his mother.

11. In response and in objection to paragraph 12 of the February 24, 2010 order, grandmother filed the within complaint for custody on or about March 8, 2010. Grandmother seeks to have partial custody of the minor children every sixth weekend and for one week every summer for vacations.

## II. DISCUSSION

In making disposition, this court considered the testimony of the parties and grandmother's husband, Charles H. Kline, Jr. By agreement, the minor children were not required to testify. Additionally, the parties stipulated

to all terms and conditions of a recommended order prepared by the custody master, with the exception of the clauses relating to grandmother's time for partial custody. Accordingly, all the other terms of that recommended order shall be incorporated into the within order.

In essence, grandmother is requesting that this court restore her ability to have contact and custody time with the minor children. Grandmother testified that, prior to some issues arising between she and mother, grandmother and the minor children enjoyed an excellent relationship, with the minor children spending a good amount of time with grandmother at her house, particularly on certain weekends. Grandmother stated that when the minor child, Timothy, was a toddler, grandmother had custody of him from Sunday evening through Friday evening every week continuing for several months, while mother and father were working. This continued until the minor child was able to be enrolled in the daycare where mother works.

Grandmother states that she wants a normal grandmother/grandchild relationship, wants to have the minor children spend time at her house, and believes that she can adequately provide for their supervision during these periods. She is requesting one weekend every sixth week, along with a week during the summer for vacation.

Grandmother acknowledges that the minor children are enrolled in activities, listed by mother to include football, cheerleading, softball, and baseball. Grandmother requests that on her weekends, that the minor children be permitted to spend the time with her rather than attend these scheduled activities.

In accordance with paragraph 12 of the current court order, grandmother obtained a letter from Daniel R. Smith, M.S.S., L.C.S.W., opining on her capacity to be a safe caretaker. Mr. Smith found grandmother to be a "genuine and very gentle woman," believing that she would not bring harm to the minor children in any way. Mr. Smith recommended that grandmother have unsupervised visitation, effective immediately.

Mother objects to grandmother's request. Mother acknowledges that grandmother should be permitted to visit with the minor children, but that this should occur during father's periods of partial custody, that grandmother should not have an independent schedule. She states that she has several concerns with grandmother's care. She cited an incident occurring in 2006, when grandmother treated one of the minor children for head lice, by using a mixture of diesel fuel and water to clean the lice from the minor child's head. While father was present and allowed this to happen, mother, who found out about it later, objected, believing this to be unsafe. Mother also has concerns with the sleeping arrangements, believing that there are not enough beds for the minor children at grandmother's house, and that Timothy sleeps with Mr. Kline and Alexandria sleeps with grandmother. Mother also objects to any deviation from the minor children's scheduled activities. Mother pays for these activities, believes they are important, and should not be interfered with by grandmother.

Father has no objection to grandmother having every sixth weekend and a week in the summer. However, he agrees with mother that the minor children's activities

should not be disrupted. He testified that Timothy has ADHD and that Timothy's therapist directed that Timothy be kept on a consistent schedule. If his schedule is disrupted, such as by missing a practice because he is at grandmother's house, this could affect his capacity to function. Father stated that when Timothy is not properly on his medications or not properly in a routine, he can become unruly.

The paramount concern in a child custody proceeding is the best interests of the child. *Costello v. Costello*, 666 A.2d 1096, 1098 (Pa. Super. 1995). A determination of what is in the best interests of a child is made on a case-by-case basis and must be premised upon consideration of all factors which legitimately have an effect upon a child's physical, intellectual, moral and spiritual well - being. *Alfred v. Braxton*, 659 A.2d 1040, 1042 (Pa. Super. 1995).

Under 23 Pa. §5312, a court may grant reasonable partial custody or visitation rights to a grandparent if it finds that the request would be in the best interests of a child and would not interfere with the parent-child relationship. In making this determination, the court is to consider the amount of personal contact "between the parents or grandparents of the parties and the child prior to the application."

The clear catalyst for this dispute is the hard feeling between mother and grandmother. Mother argued that grandmother was a substantial factor in the dissolution of the marriage between her and father. Although not stated, there is an implication that grandmother was meddling

in the parents' affairs. Combining this with the diesel fuel incident, mother has taken a hard line, restricting grandmother from having access to the minor children, including obtaining the aforesaid clause in the current court order. Father has apparently acquiesced to these restrictions, although he testified that he has no concerns about grandmother's care of the minor children.

We find that grandmother should have partial custody with the minor children. Further, the visits need not be supervised. Grandmother was actively involved in spending time with the minor children and caring for them in previous years. Grandmother is quite capable of properly supervising the minor children. We expect that the minor children will enjoy time with grandmother and her husband, enjoying their company and the activities and trips that will be planned. Mr. Smith's statement corroborates the evidence presented. Additionally, mother saw no problem at this juncture with grandmother having time with the minor children in an unsupervised setting, although she wanted the time to come during father's scheduled visits. Finally, there is the general consideration that children should have the opportunity to spend time with grandparents whenever possible. Grandmother's request that she have one weekend every six weeks, plus a week during the summer, is reasonable.

That being said, the court agrees with the parents that grandmother's time with the minor children should not interfere with the minor children's scheduled activities. The points raised by mother and father are well taken. In addition, grandmother is foreclosed from objecting to this decision of the parents, for the scheduling of a

child's activities is a matter of legal custody. The parents share legal custody under the current court order, and grandmother, in her complaint for custody, did not request that she be permitted to also share legal custody. Further, granting a voice in making legal custody decisions to a grandparent under these circumstances would be highly unusual.

We enter the following order:

## ORDER

And now, this November 9, 2010, after trial held, custody of the minor children, Alexandria Yanick, born January 8, 1999, and Timothy Yanick, born November 14, 2001, (hereinafter "minor children") shall be as follows:

1. The parents, Theodore S. Yanick, III, and Tracey G. Yanick, shall share legal custody of the minor children.

2. Defendant, Tracey G. Yanick (hereinafter "mother"), shall have primary custody of the minor children.

3. Defendant, Theodore S. Yanick, III (hereinafter "father"), shall have partial custody every other weekend from Friday at 5:00 p.m. until Sunday at 7:00 p.m.

4. Mother and father shall alternate custody on the following holidays: Mother shall always have custody on July 4th and Labor Day. Easter, Memorial Day, and Thanksgiving shall be divided by one parent having custody from 9:00 a.m. until 2:00 p.m. and the other parent having custody from 2:00 p.m. until 8:00 p.m. Mother shall have the morning periods in odd-numbered years and father shall have the mornings in even-numbered years.

5. Mother shall have custody for Mother's Day and father shall have custody for Father's Day each year. Custody shall be from 10:00 a.m. until 7:00 p.m.

6. The parties shall share custody for the Christmas holiday with one parent having custody from noon on December 24 until noon on December 25 and the other parent having custody noon on December 25 until noon on December 26. Mother shall have custody from Christmas Eve to Christmas morning time period in even-numbered years, father shall have custody from Christmas Eve to Christmas morning time periods in odd-numbered years. The parties shall equally divide any remaining school vacation days over the Christmas break.

7. When the parties take the minor children out of Pennsylvania, they shall provide the other party with the address and phone number where the minor children can be located.

8. The parents shall have the right to two non-consecutive weeks of vacation each year, each week shall be seven consecutive days. Each party shall provide the other party with notice of their choice of weeks under this paragraph by April 15 of each year. Mother's choice of weeks shall take priority in even-numbered years, and father's choice of weeks shall take priority in the odd-numbered years.

9. Commencing on December 3, 2010, and every sixth weekend thereafter, paternal grandmother, Kathy Kline, shall have partial physical custody of the minor children from Friday at 7:00 p.m. until Sunday at 7:00 p.m. Mother shall deliver the minor children to paternal grandmother,

or her husband, on Friday, and grandmother shall return the minor children to mother, or her parents, on Sunday. Paternal grandmother may have one week (seven consecutive days) of summer vacation. Said vacation shall not interfere with the parents' choice of vacation time, which shall take first priority. Mother shall send along the appropriate amount of prescription medication for the minor child with instruction for administration. Paternal grandmother shall administer the prescription medication.

10. The parents shall equally share transportation of the minor children. Unless otherwise agreed, the parent ending their custodial period shall deliver the minor children to the other parent.

11. All parties shall ensure that the minor children's homework is completed on time. In the event that any extra-curricular activity is scheduled during father or paternal grandmother's period of partial custody, except in cases of emergency, father and paternal grandmother shall ensure that the minor children attend. Mother shall ensure that father and paternal grandmother are provided a schedule of extra-curricular activities at the beginning of every month and give father and paternal grandmother as much notice as possible of any change to the schedule.

12. The custodial party shall make reasonable efforts to maintain an open phone line in his/her residence from 7:40 p.m. until 8:00 p.m. each evening so that the minor children may place calls to or receive calls from the non-custodial party. In the even a child is unavailable during that time, the party having custody shall use an answering

machine/voicemail to receive message from the other party. The parent having custody shall ensure that the minor children are aware of any missed call and returns any missed call as soon as possible. Neither party shall use caller ID, call block, or any other device or service which limits telephone access to the minor children. Each child shall be permitted to speak for a minimum of 10 minutes with the other parent, unless the minor child chooses to conclude the call at an earlier time.

13. Any party having custody of either of the minor children shall ensure that the minor children shall receive their medication as prescribed.

14. At no time shall anyone be permitted to use diesel fuel in treatment for head lice or for any other medical condition of the minor children.

15. This order shall be considered a final order finally resolving the issues raised in the complaint filed by grandmother.

16. The attached appendix shall be made a part of the within order.

## APPENDIX TO ORDER

Certain rules of conduct which generally apply to custody matters are set forth below and are binding on both parties, the breach of which could become the subject of contempt proceedings before this court, or could constitute grounds for modification of this order. If these general rules conflict with any specific provisions of the order, the order shall prevail.

1. In addition to the foregoing rights, both parties shall also have the following rights with respect to the children:

A. The right to reasonable telephone contact with the children when they are in the other parent's custody.

B. The right to be fully informed concerning the progress of the children in school and the children's medical status, including the right to obtain the necessary information directly from the children's school or medical practitioner; and

C. The right to be informed in advance before any important decisions are made concerning the children and the opportunity to participate in those decisions.

2. In the event of any serious illness of the children at any time, any party then having custody of the children shall immediately communicate with the other party by telephone or by any other means, informing the other party as to the nature of such illness, and during such illness, each party shall have the right to visit the children as he or she desires consistent with the proper medical care of the children.

3. Neither party shall alienate nor permit to attempt to alienate the children from the other party. While in the presence of the children, neither parent shall make any remarks or do anything which is derogatory or uncomplimentary to the other and it shall be the duty of each parent to uphold the other parent as one the children should respect and love.

4. Both parties shall provide each other with their addresses and telephone numbers of their residences and anytime they take a trip with the children out of the jurisdiction of Berks County in excess of three days.

5. The parties shall not conduct arguments or heated conversation when they are together in the presence of their children.

6. The parties shall, at all times, consider the children's best interests, and act accordingly. It is in a child's best interest to understand that he or she is trying to desperately cope with the fact of his or her parents' separation, and needs help in loving both parents, rather than interference or censure.

7. Neither party shall question the children as to the personal lives of the other parent except insofar as necessary to insure the personal safety of the children. By this we mean that the children will not be used as spies on the other party. It is harmful to a child to be put in the role of spy.

8. The parties should remember that they cannot teach their children proper moral conduct by indulging in improper conduct themselves. Children are quick to recognize hypocrisy, and the parent who maintains a double standard will lose the respect of his or her child.

9. Weekend and evening visitation shall be subject to:

A. Arrangements will be worked out beforehand between the parties without forcing the children to make choices and run the risk of parental displeasure.

However, the children shall be consulted as to their schedules when appropriate.

B. Visitation rights shall be exercised at reasonable hours and under circumstances reasonably acceptable to the other party and to the need and desire of the minor children.

C. If a party finds himself or herself unable to keep an appointment, he or she should give immediate notice to the other party, so as to avoid subjecting the children to unnecessary apprehension and failure of expectations.

D. The party having custody of the children should prepare them both physically and mentally for the transfer of custody to the other party and have them available at the time and place mutually agreed upon.

E. If either party or a child has plans which conflict with a scheduled visit and wish to change such visitation, the parties should make arrangements for an adjustment acceptable to the schedules of everyone involved. Predetermined schedules are not written in stone, and both parties should be flexible for the sake of the children.

F. If a party shows up for a visit under the influence of alcohol or drugs, the visit may be considered forfeited on those grounds alone.

10. If either party feels the other party has violated this order, they may petition the court as set forth in Pa.R.C.P. 1915.12.