Timothy V. LARRISON, Appellee,

v.

Karen LARRISON, Appellant.

Superior Court of Pennsylvania.

Submitted Jan. 26, 2000.

Filed April 12, 2000.

Rosannette R. Adams, Athens, for appellant.

Robert W. Kuhl, Lawrenceville, for appelle.

Before POPOVICH, EAKIN and OLSZEWSKI, JJ.

POPOVICH, J.:

¶ 1 Karen Larrison appeals from the order entered July 6, 1999, in the Court of Common Pleas, Tioga County, which granted primary physical and legal custody of the minor children to Timothy Larrison and partial custody/visitation to Karen. Karen asserts that the trial court erred in admitting an illegally recorded conversation, relying on said conversation and failing to consider other relevant factors in formulating the custody order. We affirm.

¶ 2 The trial court's findings of facts are as follows: Karen and Timothy were married on November 1, 1990. Karen and Timothy are the natural parents of two minor children who are the subject of the custody order. C.L. was born on June 13, 1991, and J.L. was born on November 20, 1992. The Larrisons resided together as a family until the parties separated on August 5, 1997. The separation was a result of criminal charges brought against Timothy by Karen. Timothy pleaded guilty to a summary offense of harassment. From August 5, 1997, through October 7, 1997, the children resided with Karen.

¶ 3 On October 8, 1997, a temporary order pursuant to the Protection From Abuse Act (PFA) was issued in favor of Timothy and against Karen, which granted temporary custody of the children to Timothy. A final PFA Order by stipulation of the parties was entered on October 16, 1997. The Order provided Timothy with temporary primary physical custody of the children subject to Karen's partial physical custody.

¶ 4 A two-day custody trial commenced on March 26, 1999, and concluded on May 27, 1999. During the trial, the court admitted a tape-recorded conversation into evidence. On the recording, Karen engaged in a continuous string of hostile and obscene comments directed at Timothy and his sister. After the conclusion of the taking of testimony and evidence, the parties submitted post-trial memoranda summarizing their legal arguments. Karen sought custody of the two minor children, and Timothy sought to retain legal and physical custody subject to Karen's visitation. After reviewing said memoranda, on July 6, 1999, the trial court granted primary physical and legal custody of the children with Timothy subject to partial custody/visitation with Karen. This timely appeal followed.

¶ 5 Karen poses the following questions for our review:

1. Whether the trial court erred in admitting a tape-recorded telephone conversation into evidence and relying on the same.

2. Whether the trial court abused its discretion in improperly determining the "best interest of the children" standard.

Appellant's Brief, at 6.[1]

¶ 6 Karen asserts that the trial court erred in admitting a tape-recorded telephone conversation into evidence because the conversation was recorded in violation of Pennsylvania and Federal wiretap laws. In Pennsylvania, no person shall disclose the contents of any wire, electronic or oral communication, or evidence derived therefrom, in any proceeding in any court, board or agency of this Commonwealth. 18 Pa.C.S. § 5721.1. Karen argues that this law prevents the trial court from admitting the recording of her conversation with Timothy's sister into evidence during the court proceeding. However, Karen placed the call from Pennsylvania to Timothy's sister's residence in New York state. Timothy's sister made the recording in

---

1. The issues raised on appeal have been re- worded for editorial purposes.

question when Karen telephoned her. In New York,

> "Wiretapping" means the intentional overhearing or recording of a telephonic or telegraphic communication by a person other than a sender or receiver thereof, without the consent of either the sender or receiver, by means of any instrument, device or equipment. The normal operation of a telephone or telegraph corporation and the normal use of the services and facilities furnished by such corporation pursuant to its tariffs or necessary to protect the rights or property of said corporation shall not be deemed "wiretapping."

NY CLS Penal § 250.00.

¶ 7 Since Timothy's sister was the receiver of the telephone call, she can record her own telephone conversations without violating New York's wiretap law. Essentially, this is a conflict of law case, and we must determine which law applies, Pennsylvania's wiretap law, which requires consent of both sender and receiver of the conversation, or New York's wiretap law, which requires consent of only sender or receiver.

 ¶ 8 In conflict of law cases involving procedural matters, Pennsylvania will apply its own procedural laws when it is serving as the forum state. In cases where the substantive laws of Pennsylvania conflict with those of a sister state in the civil context, Pennsylvania courts are to take a flexible approach which permits analysis of the policies and interests underlying the particular issue before the court. *See Griffith v. United Air Lines, Inc.*, 416 Pa. 1, 203 A.2d 796, 805 (1964). This approach gives the state having the most interest in the question paramount control over the legal issues arising from a particular factual context, thereby allowing the forum to apply the policy of the jurisdiction most intimately concerned with the outcome. *Id.*; *cf. Commonwealth v. Sanchez*, 552 Pa. 570, 575–76, 716 A.2d 1221, 1223–24 (1998) (holding that a similar approach should be taken in the criminal context where the substantive laws of Pennsylvania conflict with those of a sister state).

 ¶ 9 Initially, we note that this case does not present a question of conflict between procedural laws. A substantive right is defined as a right to equal enjoyment of fundamental rights, privileges and immunities. *Sanchez*, at 576, 716 A.2d at 1224 (citing *Black's Law Dictionary* 1429 (6 th ed.1990)). By contrast, a procedural right is the method of enforcing rights or obtaining redress for their invasion. *Id.* (citing *Black's Law Dictionary* 1203 (6 th ed.1990)).

 ¶ 10 Here, New York possessed the greater interest in allowing its citizens to record telephone conversations lawfully with only the consent of the sender or receiver. While this Commonwealth has an interest in protecting its citizens from having telephone conversations recorded without proper consent, we, as the courts of this Commonwealth, have no power to control the activities that occur within a sister state. Timothy's sister did not violate any New York state law in obtaining the recording of the telephone conversation. Pennsylvania has no state interest in a recording of a telephone conversation placed to New York, even if the recording is later used in the Pennsylvania Courts. *Cf. Sanchez*, *supra* (holding information obtained through valid and legal means in a sister state may be used to establish probable cause for a search warrant in Pennsylvania even though means not valid in Pennsylvania);see also *Commonwealth v. Bennett*, 245 Pa.Super. 457, 369 A.2d 493 (1976) (holding evidence obtained during a drug investigation in New Jersey pursuant to a wiretap authorized pursuant to New Jersey wiretap law could be used to support a search warrant in Pennsylvania even though New Jersey wiretap violated Pennsylvania law).

 ¶ 11 Since the recording of the telephone conversation did not violate New York law because Timothy's sister was a party to the conversation and consented to

its recording, we find that it was admissible evidence in a Pennsylvania court proceeding.[2]

¶ 12 Karen's second issue on appeal is whether the trial court abused its discretion by improperly determining the best interest of the children standard.

■ ¶ 13 It is clear that in matters of custody and visitation, the paramount concern of the court is a determination of what is in the best interests of the child. A determination of a child's best interests is done on a case-by-case basis, and must be premised upon consideration of all factors that legitimately affect the child's physical, intellectual, moral and spiritual wellbeing. *Alfred v. Braxton*, 442 Pa.Super. 381, 659 A.2d 1040, 1042 (1995).

■ ¶ 14 When reviewing a trial court's custody order, we are bound by the trial court's factual findings but not by the deductions made or inferences drawn therefrom. *Swope v. Swope*, 455 Pa.Super. 587, 689 A.2d 264, 265 (1997). We will interfere with the trial court's conclusions only if they are unreasonable in view of the trial court's factual findings. *Id.* However, this broad scope of review does not vest in the reviewing court the duty or privilege of making its own independent determination. *Id.* Thus, we are empowered to determine whether the trial court's incontrovertible factual findings support its factual conclusions, but we may not interfere with those conclusions unless they are unreasonable in view of the trial court's factual findings; and thus, represent a gross abuse of discretion. *Id.* (citations omitted).

■ ¶ 15 Our review of the record reveals support for the trial court's order,

which placed the children in Timothy's primary custody and permitted Karen's visitation and partial custody. The trial court found that both parents were equally capable of providing for the economic, physical and emotional needs of the children. Therefore, the trial court examined other factors. After considering Karen's outbursts of anger and violence, verbal and physical, directed at Timothy, the trial court determined that placing the children in Timothy's custody was in their best interest. The testimony of numerous witnesses supports this determination along with the PFA entered against Karen and extended because of violations.

¶ 16 The record clearly indicates that the trial court did not abuse its discretion when it employed the best interests of the child analysis in determining the custody order.

¶ 17 Order affirmed.

¶ 18 OLSZEWSKI, J., Concurs in the Result.

---

2. Karen also asserts that the recording violated Federal wiretap law. Federal law states:
(d) It shall not be unlawful under this chapter for a person not acting under color of law to intercept a wire, oral, or electronic communication where such person is a party to the communication or where one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State. 18 U.S.C. § 2511(d).
Federal law does not require consent of both parties to the communication. Timothy's sister was a party to the telephone conversation and could record it without violating Federal law.