## Fritzinger v. Fritzinger

C.P. of Berks County, no. 96-11328.

*Gregory D. Henry,* for plaintiff.
*Peter David Maynard,* for defendant.

BUCCI, *J.,* June 10, 2004—

## FINDINGS OF FACT

(1) The plaintiff, Ernest G. Fritzinger (Father), is an adult individual who currently resides at 27 Magnolia Drive, Mertztown, Berks County, Pennsylvania.

(2) Father has been employed as a truck mechanic since 1986.

(3) Defendant, Brenda G. Fritzinger (Mother), is an adult individual who currently resides at 2351 South 10th Street, Apartment 2G, Allentown, Lehigh County, Pennsylvania.

(4) Mother is employed by Swisher Cleaning, where she has worked since September 2003. She works Monday to Friday from 7 a.m. to 3:30 p.m.

(5) Mother and Father reside approximately 20 minutes apart.

(6) Mother and Father were married on March 22, 1975, in Berks County, Pennsylvania.

(7) The parties have five children in common, Adam Fritzinger, born September 30, 1975, Andy Fritzinger, born April 23, 1978, Bret Fritzinger, born September 13, 1983, Brad Fritzinger, born April 15, 1985 and Loni Fritzinger, born February 27, 1989.

(8) Loni Fritzinger, the subject of this custody action, is the parties' youngest child and only daughter. The parties' four older children, who currently reside with Father, are not the subject of this custody action.

(9) The parties separated on or about September 28, 1996.

(10) Since the date of separation, Father has had primary custody of the parties' five children.

(11) Loni is in the eighth grade at Brandywine School District.

(12) On February 3, 2003, Judge Sprecher issued an order granting primary physical custody to Mother, which was never honored due to the parties' apparent failure to comply with certain conditions of said order.

(13) One of the conditions set forth in the above order was that Mother secure "first shift" or daytime employment, which she has since done.

(14) Loni has repeatedly expressed her unequivocal desire to reside with Mother. Loni has also articulated to the court her reasons for not wanting to remain with Father, such as feeling out of place in the all-male household and her father's refusal to accommodate her religious education.

(15) The court finds that the child is mature and intelligent, and able to articulate sound reasons for her preference.

(16) The court finds that both parents are fit, and that Father has successfully raised four sons and his daughter thus far.

(17) Religion is an important issue in this case, and the parents of the minor child do not share the same religious convictions.

(18) Mother attends church on a regular basis with Loni when she has partial physical custody. Father does not attend church and does not take Loni to church when he has custody of her.

(19) The court finds that there is a strong bond between Mother and daughter.

## DISCUSSION

Following the parties' separation, Father was awarded primary physical custody of the parties' five children. Mother filed a petition to modify in July of 1997, but ultimately an order by stipulation was entered on March 28, 2000, granting Father primary physical custody of the children. Mother filed another petition to modify, and subsequent to that, an order was entered on February 3, 2003, granting Mother primary physical custody, which was never put into effect.

Following the transfer of this case to this court, and following a custody conference in this matter, a trial was held on May 19, 2004, before this court.

In reaching a decision, this court has considered the testimony of the parties and their respective witnesses, an in camera meeting with the minor child, the exhibits admitted into evidence including photographs of the parties' homes, and the child custody questionnaires submitted to the court.

The standard in all child custody cases is the best interest of the child. "The paramount concern in a child custody case is the best interests of the child, based on a consideration of all factors that legitimately affect the child's physical, intellectual . . . and spiritual well-being." *Swope v. Swope,* 455 Pa. Super. 587, 591, 689 A.2d 264, 265 (1997).

This court notes that there have been no allegations of neglect, abuse or other such mistreatment of the minor child, Loni Fritzinger. It is clear to the court that both parents love the child and only desire what is best for her. Furthermore, Father should be commended on his

efforts to raise four sons and a daughter as a single parent. "In a custody case between fit parents, the test of best interest is initially weighed . . . as to each parent and a parent will prevail when the weight of evidence shifts even slightly in his/her favor." *Wiseman v. Wall,* 718 A.2d 844, 850 (Pa. Super. 1998). This is just such a case.

Where a child is able to articulate a preference for one parent over another, the court will consider that preference in making a determination as to custody. *Watters v. Watters,* 757 A.2d 966, 969 (Pa. Super. 2000). Where both parents are fit, that preference can be the deciding factor. *Meyers v. DiDomenico,* 441 Pa. Super. 341, 657 A.2d 956 (1995). "[W]here the households of both parents (are) equally suitable, the child's preference . . . (can)not but tip the evidentiary scale in favor of" the preferred parent. *Meyers* at 346, 657 A.2d at 958.

The court must, however, carefully evaluate how much weight to give the child's preference. In doing so, the court will consider several factors. See *Witmayer v. Witmayer,* 320 Pa. Super. 372, 467 A.2d 371 (1983). The weight to be accorded to a child's preference varies according to the age, intelligence and maturity of the child as well as the child's reasons therefore. *Id.* at 381, 467 A.2d at 376. In the instant case, Loni is 13 years of age and appears to be a mature and thoughtful young woman. Moreover, the court is aware that Loni has made statements consistently for the past two and a half years to the effect that she would prefer to live with her mother. This fact leads the court to believe that her preference to live with Mother is more than a passing fancy or the result of any temporary conflict she may have with her father. Therefore, this court will take Loni's stated preference to live with Mother into consideration in making the final custody determination.

One of the reasons for Loni's desire to reside with Mother is the fact that she and Mother share a common bond in practicing their religion, whereas Father has shown little interest in furthering Loni's spiritual development. Without taking a stance on the specific religious beliefs of the parties, this court may consider the parties' respective religious practices and how those practices will affect the child. See *Commonwealth ex rel. Ackerman v. Ackerman,* 204 Pa. Super. 403, 205 A.2d 49 (1964). See also, *Rinehimer v. Rinehimer,* 336 Pa. Super. 446, 485 A.2d 1166 (1984). "[I]t is legitimate for a court to examine the impact of the parents' [religious] beliefs on the child." *Morris v. Morris,* 271 Pa. Super. 19, 25, 412 A.2d 139, 142 (1979). In fact, since the religious practices of the parties will have an impact on the child, the court *should* examine them as it would any other factor.

"[E]mbraced within the best interests concept is the stability and consistency of the child's spiritual inculcation. It would be egregious error for our courts in a custody dispute to scrutinize the ability of the parents to foster the child's emotional development, their capacity to provide adequate shelter and sustenance, and their relative income, yet not review their respective religious beliefs." *Morris* at 24, 412 A.2d at 142.

Loni expressed to the court that she enjoys attending church with her mother, and further articulated a desire to attend religious services on a regular basis. She also stated that she would prefer to attend a Christian school rather than the public school in which she is currently enrolled. She told the court that she does not approve of the way her classmates dress and that she feels different from them. She believes, and the court agrees, that she

would feel more comfortable in a parochial or religious school setting. Mother has indicated that, should she be awarded primary physical custody of her daughter, she would place her in a Christian school near her home.

Additionally, Loni expressed her displeasure with certain aspects of the living conditions at her father's house, particularly the presence of what she considers "pornographic material." Her older brother testified that he does possess "porno" magazines as well as some movies, and that Loni had seen these things, but that they are now put away in his room.

There are three adult brothers living in the house as well as one brother who is nearly eighteen. Loni has told the court that there are frequent parties and overnight female guests. Father and Loni's brothers, including the youngest who is underage, consume alcohol regularly. In short, it is clear that Loni's father and brothers embrace a lifestyle that, while not necessarily harmful to her, makes Loni uncomfortable and unhappy.

It is this court's determination that it is in Loni Fritzinger's best interests to reside with her mother. This court is within its discretion in entering an order changing primary physical custody even without any finding of neglect or fault on the part of the father. See *Moore v. Moore,* 535 Pa. 18, 634 A.2d 163 (1992). The Pennsylvania Supreme Court has specifically held that "custody can be changed without proof of substantial change in circumstances when it is shown that the change is in the best interest of the child." *Moore* at 30, 634 A.2d at 169. Further, this court is aided in the decision to award primary physical custody to Mother by the fact that the par-

ties had previously agreed that Mother should have primary physical custody of Loni, as set forth in the order of February 3, 2003, and the fact that Mother has satisfied the condition of said order by securing daytime employment. The court's decision to grant Mother primary physical custody of the daughter does not reflect poorly on Father's parenting. He has done a good job of raising his children; however, the court is convinced that the daughter will not flourish if she continues to reside in Father's male-dominated household. Therefore, for the reasons stated above, the court enters the following order:

## CUSTODY ORDER

And now, June 10, 2004, following a custody trial in the above-captioned matter before the undersigned, it is hereby ordered and decreed as follows:

(1) The parties shall share joint legal custody of the minor child Loni Fritzinger, born February 27, 1989.

(2) Mother shall have primary physical custody of Loni Fritzinger.

(3) Father shall have partial physical custody of Loni Fritzinger on alternating weekends from Friday at 6 p.m. to Sunday at 6 p.m.

(4) Father shall have partial custody of Loni Fritzinger for two non-consecutive weeks during the summer when Loni is not in school.

(5) The parties shall alternate custody of the children on the following holidays: Easter, Memorial Day, Fourth of July, Labor Day and Thanksgiving.

(6) Notwithstanding the foregoing, Mother shall have custody for Mother's Day and Father shall have custody for Father's Day each year. Custody shall be from 10 a.m. to 7 p.m.

(7) The parties shall equally share the transportation responsibilities.

(8) The attached appendix shall be made a part of this order [not published herein].