Curt STIVASON, Appellant

v.

**TIMBERLINE POST AND BEAM STRUCTURES COMPANY,** Appellee.

Superior Court of Pennsylvania.

Argued Jan. 15, 2008.

Filed April 30, 2008.

David C. Martin, Pittsburgh, for appellant.

Eric E. Domer, Green, OH, for appellee.

BEFORE: LALLY-GREEN, PANELLA, and TAMILIA, JJ.

OPINION BY LALLY-GREEN, J.:

¶ 1 Appellant, Curt Stivason ("Stivason"), appeals from the trial court's order dated April 25, 2007, sustaining the preliminary objections asserting improper venue filed by Appellee, Timberline Post and Beam Structures Company ("Timberline"), and dismissing his complaint. We affirm.

¶ 2 The factual and procedural background of this case is as follows. On November 18, 2004, Stivason and Timberline entered into a contract ("Contract"), under which Timberline agreed to erect a building on Stivason's property in Apollo, Pennsylvania. The Contract included a venue selection clause, requiring that any lawsuit filed under the Contract be brought in Ohio. The Contract stated: "This Agreement is being executed and delivered in the State of Ohio and shall be governed by the laws of the State of Ohio and **any lawsuit filed in regard to this Agreement shall be venued in Ohio.**" Complaint in Civil Action, Exhibit A (emphasis added).

¶ 3 On November 27, 2006, Stivason commenced a lawsuit against Timberline in the Court of Common Pleas of Armstrong County, Pennsylvania. In his complaint, Stivason alleged that the building Timberline erected under the Contract was unusable and unsafe due to a leaky roof. Stivason further alleged that Timberline warranted the roof and materials for two years and that despite promises to fix the leak, Timberline made no attempts to correct the problem. Stivason claimed that Timberline "breached [the parties'] contract of implied workmanship, breached [the] warranty of marketability and implied warranty of good workmanship by constructing a building that [sic] the roof began to leak almost immediately." *Id.* at ¶ 5. Stivason also claimed that Timberline violated the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 P.S. § 201–1 *et seq.*, by engaging in fraudulent, unfair, and misleading conduct.

¶ 4 On January 8, 2007, Timberline filed preliminary objections, asserting that venue was improper under the Contract's venue selection clause and requesting that Stivason's complaint be dismissed. On January 23, 2007, Stivason filed a reply to Timberline's preliminary objections, asserting that the Contract's venue selection clause was unenforceable under § 514 of

the Contractor and Subcontractor Payment Act ("CSPA"), 73 P.S. § 514.[1]

¶5 On April 25, 2007, the trial court issued an order and opinion, sustaining Timberline's preliminary objections and dismissing Stivason's complaint without prejudice to his right to initiate an action in Ohio. With regard to Stivason's assertion under § 514 of the CSPA, the trial court concluded that the CSPA provides remedies to contractors or subcontractors who have performed under a construction contract in the Commonwealth, but who have not been properly paid. The court reasoned that because Stivason did not make a claim of non-payment under the CSPA, § 514 did not apply to preclude enforcement of the venue selection clause included in the Contract. This appeal followed.[2]

■ ¶6 Stivason raises one issue[3] on appeal:

1. Was a choice of forum clause requiring litigation in Ohio unenforceable for a contract entered into in Pennsylvania for construction of a building on Pennsylvania real estate, pursuant to the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 514?

Stivason's Brief at 4.[4]

■ ¶7 Generally, this Court reviews a trial court order sustaining preliminary objections based upon improper venue for an abuse of discretion or legal error. *Lovelace v. Pennsylvania Property and Casualty Insurance Guaranty Ass'n*, 874 A.2d 661, 666 (Pa.Super.2005). Further, the construction of a statute raises a question of law. On questions of law, our standard of review is *de novo*, and our scope of review is plenary. *Worth & Co., Inc. v. Department of Labor and Industry*, 938 A.2d 239, 243 (Pa.2007).

■ ¶8 In this appeal, the issue before us concerns the scope of § 514's application. 73 P.S. § 514. Stivason argues that § 514 applies to invalidate a venue selection clause in any lawsuit that involves a contract for construction on Pennsylvania real estate. Timberline counters that § 514 applies to invalidate a venue selection clause only in a lawsuit claiming non-payment under the CSPA.

■ ¶9 The rules set forth in the Statutory Construction Act of 1972

1. Section 514 states: "Making a contract subject to the laws of another state or requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable." 73 P.S. § 514.

2. The trial court did not order Stivason to file a Pa.R.A.P.1925(b) statement.

3. Stivason does not raise any other basis for invalidating the Contract's venue selection clause.

4. As noted, the Contract also included a choice of law provision, stating that the Contract is to be construed and governed under Ohio law *See supra* at p. 1–2. The choice of law provision is not at issue in this appeal. We observe, however, that when Pennsylvania is the chosen forum state for a civil action, the Commonwealth's rules of procedure govern issues of procedure, like venue, no matter what substantive law must be applied in resolving the underlying legal issues. *See Deyarmin v. Consolidated Rail Corp.* 931 A.2d 1, 8 (Pa.Super.2007) (explaining that venue is predominantly a procedural matter); *Larrison v. Larrison*, 750 A.2d 895, 898 (Pa.Super.2000) ("In conflict of law cases involving procedural matters, Pennsylvania will apply its own procedural laws when it is serving as the forum state.")

("SCA") guide our present inquiry. 1 Pa. C.S.A. § 1501 *et seq.* The SCA instructs that "the object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). Further, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). When, however, the words of the statute are not explicit, the intention of the General Assembly may be ascertained by considering other matters. 1 Pa.C.S.A. § 1921(c). "Words and phrases shall be construed according to the rules of grammar and according to their common and approved usage[.]" 1 Pa.C.S.A. § 1903(a). If the General Assembly defines words that are used in a statute, those definitions are binding. *Commonwealth v. Kimmel,* 523 Pa. 107, 565 A.2d 426, 428 (1989). Under the SCA, a court may presume that in drafting the statute, the General Assembly intended the entire statute to be effective. 1 Pa.C.S.A. § 1922. Thus, when construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections. *Commonwealth v. Mayhue,* 536 Pa. 271, 639 A.2d 421, 439 (1994).

¶ 10 With these principles in mind, we begin with the words of § 514. Section 514 states in relevant part that "requiring that any litigation, arbitration or other dispute resolution process on the contract occur in another state, shall be unenforceable." 73 P.S. § 514. The "contract" to which § 514 refers is a construction contract. *See Reco Equipment, Inc. v. John T. Subrick Contracting, Inc.,* 780 A.2d 684 (Pa.Super.2001), *appeal denied,* 567 Pa. 763, 790 A.2d 1018 (2001). Under the CSPA, a "[c]onstruction contract is "[a]n agreement, whether written or oral, to perform work on any real property located within this Commonwealth." 73 P.S. § 502. Based on § 514's language alone, it would seem that § 514's reach is as expansive as Stivason presently argues, and that it invalidates a venue selection clause in any lawsuit that involves a contract for construction on land in Pennsylvania.

¶ 11 When, however, we construe § 514 with reference to and in light of the CSPA's other sections, as we must, it is clear that § 514's scope is not so broad. Our decision in *Reco Equipment* is instructive. In that case, the appellant, an excavating contractor, entered into a contract with a sewage authority for the installation of sewage lines in Donora, Pennsylvania. In connection with the project, the contractor entered into an equipment rental agreement with the appellee, an Ohio supplier, to lease a hydraulic excavator. The parties' agreement included a clause that subjected any account dispute that may arise to final and binding arbitration in Ohio. The supplier brought a claim against the appellant in Ohio over an unpaid bill and ultimately secured a judgment in its favor. When the supplier exemplified its judgment in the Court of Common Pleas of Allegheny County, Pennsylvania, in order to garnish funds, the contractor filed a petition to open or strike the judgment, raising § 514 of the CSPA. The trial court denied the contractor's petition.

¶ 12 On appeal, the contractor argued that the Ohio judgment should be denied full faith and credit in Pennsylvania because the consent it gave to being sued in Ohio was unenforceable under § 514. According to the contractor, the CSPA applied simply because it was a contractor

and the supplier was a subcontractor under its construction contract with the sewage authority. We disagreed. In our view, the fact that the contractor had entered into a construction contract with a property owner and intended to use the supplier's equipment to perform its obligations under a construction contract was beside the point. *Id.* at 688. We concluded that the CSPA did not apply and that § 514 did not invalidate the appellant's consent to suit in Ohio. We reasoned that the parties' rental equipment agreement was not a construction contract within the meaning of the CSPA, and the parties' litigation did not concern a failure to pay under a construction contract or the statute. *Id.* at 687–688. In reaching our decision, we examined the provisions of the CSPA and recognized that the statute delineates the conditions that entitle a contractor or subcontractor to payments under a construction contract; covers the payment obligations between and among property owners, contractors and subcontractors; and sets forth deadlines for the making of payments and consequences for failures to pay. *Id.* at 687, *citing* 73 P.S. §§ 501–502, 505, 507. Thus, we concluded that the thrust of the CSPA is to require timely payments to contractors and subcontractors who perform construction work on Pennsylvania real estate under contract and to provide remedies if timely payment is not made. *Id.*

¶ 13 Based on the rules of statutory construction and our decision in *Reco Equipment*, we conclude that the scope of the provision in § 514 that renders venue selection clauses unenforceable is only as broad as the scope of the CSPA itself. As *Reco Equipment* teaches, the CSPA concerns the claim that contractors or subcontractors who have performed their obligations under a construction contract have not been timely paid. Thus, § 514 applies to invalidate a contractual requirement that litigation take place in a forum other than Pennsylvania in lawsuits seeking relief under the CSPA for an alleged failure to meet the payment requirements of the statute. Moreover, the mere fact that a lawsuit arises out of a contract that may meet the CSPA's definition of a construction contract does not cause the lawsuit to fall within the CSPA's ambit. *See id.* at 688. The presence of such a construction contract is but one element of a claim that is cognizable under the CSPA. *Id.*

¶ 14 In the instant case, while the litigation between the parties concerns a contract for construction on Pennsylvania land, it does not involve a claim of nonpayment brought under the CSPA. Rather, Stivason's complaint alleges breaches of warranty and violations of the UTPCPL.[5] Therefore, the CSPA does not apply. Accordingly, we hold the venue selection clause in the Contract is not subject to § 514. We further hold that the trial court properly sustained Timberline's preliminary objections and properly dismissed Stivason's complaint.

¶ 15 Order affirmed.

---

5. To be clear, we take no position as to whether there was a claim available to Stivason under the CSPA.