J-A08042-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SIPPEL DEVELOPMENT CO., INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARTER HOMES AT HASTINGS, INC. | : | No. 1485 WDA 2018 |

Appeal from the Order Entered September 18, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  No. GD 18-006501

BEFORE:  PANELLA, P.J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.:          **FILED SEPTEMBER 06, 2019**

Sippel Development Co., Inc. ("Sippel") appeals from the order sustaining the preliminary objections of Charter Homes at Hastings, Inc. ("Charter") and transferring Sippel's action to obtain judgment under the Mechanics' Lien Law of 1963[1] ("MLL") from Allegheny County to Lancaster County. The court did so based on a forum selection clause in a contract between the parties. Sippel contends that the court erred because Allegheny County is a proper venue, Lancaster County lacks jurisdiction, and the forum selection clause does not apply to the mechanics' lien action. We affirm.

According to Sippel's Complaint, Charter is a developer with a principal place of business in Lancaster County. It owns 81 acres of land in Allegheny County that it is developing into a mixed residential housing development and

_____

[1] **See** 49 P.S. §§ 1101-1902.

commercial space ("the property"). Charter and Sippel entered into a contract for Sippel to do excavation and site work on the property in exchange for approximately $2.5 million. The contract contained a forum selection clause providing that "[c]laims, disputes and other matters in question arising out of or relating to" the contract shall, at Charter's option, "be litigated in the Court of Common Pleas of Lancaster County, Pennsylvania which shall be the exclusive forum and venue for all litigation[.]" Agreement at 17. The clause also stated that "[i]f a claim, dispute, or other matter in question relates to or is the subject of a mechanic's lien, the party asserting such matter may proceed in accordance with applicable law to comply with the lien notice or filing deadlines." *Id.* at 18.

Unhappy with Sippel's progress, Charter terminated the contract after approximately six months and hired a replacement contractor. It allegedly did not pay Sippel certain amounts due.

Sippel then filed 113 mechanics' lien claims in Allegheny County. The claims totaled approximately $2.4 million. Charter posted a bond, thus discharging the lien claims. *See* 49 P.S. § 1510(d). Sippel then filed a complaint in Allegheny County, to obtain judgment on the mechanics' lien claims.

Charter's response was two-pronged. It simultaneously filed a breach of contract action against Sippel in Lancaster County, and preliminary objections to the mechanics' lien action in Allegheny County. Its preliminary objections sought to transfer the mechanics' lien claim action to Lancaster County.

Charter argued that venue in Allegheny County in the mechanics' lien action was improper due to the forum selection clause. Sippel responded that Allegheny County had exclusive jurisdiction and venue over the mechanics' lien claims. It also moved to coordinate the mechanics' lien action and the breach of contract action in Allegheny County, and asked the court to stay the Lancaster County action.

The court sustained Charter's preliminary objections, denied Sippel's motion for coordination and stay, and ordered the mechanics' lien action transferred to Lancaster County. The court explained that even though Allegheny County was not an "improper" venue under the Rules of Civil Procedure, venue in Allegheny County nonetheless violated the forum selection clause, such that transfer was proper. *See* Trial Court Opinion, filed Dec. 10, 2018, at 4-5.

The court also rejected Sippel's argument that transfer was improper because Lancaster County lacked jurisdiction over the mechanics' lien action. The court pointed out that the filing of the bond had discharged the lien claims, and under 42 Pa.C.S.A. § 5304, Lancaster County's statewide jurisdiction over "documents situated within this Commonwealth" extended to the bond. The court added that Lancaster County also had jurisdiction because Charter, the debtor on the bond, was in Lancaster County. Tr. Ct. Op. at 5. The trial court

further stated that "the alternative basis for the order is *forum non conveniens* . . . ." Tr. Ct. Op. at 4 n.2. Sippel filed this timely appeal.[2]

Sippel presents the following issues:

1. In a mechanics' lien action, is the county where the improved property is located the only county where a lien claimant may file its mechanics' lien claim and initiate an action to obtain judgment on such claim?

2. Did the trial court err in sustaining a preliminary objection alleging improper venue filed against a complaint to obtain judgment upon a mechanics' lien when the plaintiff filed the complaint in the county where the improved property was located?

3. In a mechanics' lien action, is the [c]ounty where the improved property is located the only [c]ounty with jurisdiction over an action to enforce the mechanics' lien claim?

Sippel's Br. at 5.

We review an order sustaining preliminary objections for an abuse of discretion or error of law. ***Autochoice Unlimited, Inc. v. Avangard Auto Fin., Inc.***, 9 A.3d 1207, 1211 (Pa.Super. 2010). The enforceability of a forum selection clause, the interpretation of the MLL, the application of the Rules of Civil Procedure, and the existence of subject matter jurisdiction are legal questions. ***See id.***; ***Terra Tech. Servs., LLC v. River Station Land, L.P.***, 124 A.3d 289, 298 (Pa. 2015) (O.A.J.C.). Our review over those questions is therefore plenary and *de novo*. ***Terra Tech. Servs., LLC***, 124 A.3d at 298.

---

[2] Sippel purported to appeal from both the order sustaining the preliminary objections and the order denying reconsideration. An appeal does not lie from the denial of reconsideration. ***See Erie Ins. Exch. v. Larrimore***, 987 A.2d 732, 743 (Pa.Super. 2009). We have amended the caption accordingly.

We address Sippel's issues together. Sippel argues the court erred in concluding that the forum selection clause applies to the MLL action. *See* Sippel's Br. at 19. It asserts that the clause applies only to the Lancaster County contract action, which it points out is a common law cause of action. It notes that in contrast, an action on a mechanics' lien claim is statutory, and a claimant must file and perfect such a claim in accordance with the authorizing statute. *Id.* at 15. Sippel maintains that venue was proper in Allegheny County because the MLL required it to file its lien claims in Allegheny County, and the Rules of Civil Procedure required it to commence suit to obtain a judgment on the lien claims in that same county. It argues that because venue was proper there, the trial court erroneously sustained the preliminary objection to venue in Allegheny County.

Sippel also argues that the forum selection clause was unenforceable because Lancaster County lacks *in rem* jurisdiction over the subject property, and the forum selection clause did not confer "*in rem* subject matter jurisdiction" on Lancaster County because a contract cannot create subject matter jurisdiction. *Id.* at 32. Sippel points out that where property lies in more than one county, the lien claim may be filed in any such county, and under 49 P.S. § 1701(c) and Pa.R.C.P. 1652, the action on the lien claim may likewise be filed in any such counties. Sippel maintains that the action was therefore proper in Allegheny County. *Id.* at 16-17. Sippel further argues that Charter's filing of a bond did not alter the *in rem* nature of the action and confer jurisdiction upon Lancaster County. *Id.* at 30.

We disagree. Sippel waived any objection to venue, personal, and *in rem* jurisdiction in Lancaster County by entering into the contract with the forum selection clause. Certainly, private parties may not by contract prevent a court from exerting its jurisdiction or change the rules of venue. Nevertheless, a court with jurisdiction, and in which venue is proper, should decline to entertain a suit if the parties have freely agreed to conduct litigation in another forum, so long as the agreement to do so is not unreasonable at the time of litigation. **Autochoice**, 9 A.3d at 1215 (citing **Cent. Contracting Co. v. C.E. Youngdahl & Co.**, 209 A.2d 810, 816 (Pa. 1965)).

Sippel has never contended that it did not freely agree to the forum selection clause, or argued that the clause was unreasonable. Instead, it attacks the applicability of the clause here, arguing because this is an action on a mechanics' lien claim, which is a statutory, *in rem* action, the forum selection clause is inapplicable. On this basis, it seeks to distinguish cases enforcing forum selection clauses, such as **Autochoice**, which involved personal, common law causes of action. However, Sippel has not cited any case refusing to apply a forum selection clause to a statutory cause of action, much less to an action on a mechanics' lien claim. Nor has it identified any precedent providing that either objections to *in rem* jurisdiction or the provisions of the MLL are non-waivable, such as in a forum selection clause.

Indeed, the cases we have found are to the contrary. In **Saltzman v. Thomas Jefferson Univ. Hosps., Inc.**, 166 A.3d 465, 477 (Pa.Super. 2017), we held that an arbitration clause in an employment contract properly applied

to a statutory action under the Whistleblower Law, 43 P.S. §§ 1421-1428, and was not limited to claims arising from an alleged breach of the agreement. In ***Stivason v. Timberline Post and Beam Structures Co.***, 947 A.2d 1279, 1283 (Pa.Super. 2008), we reached a similar conclusion regarding a complaint asserting Unfair Trade Practices and Consumer Protection Law claims. In fact, the MLL explicitly allows parties to a contract to waive the right to pursue relief under the MLL altogether. ***See*** 49 P.S. §§ 1401, 1505; ***Mar Ray, Inc. v. Schroeder***, 363 A.2d 1136, 1136–37 (Pa.Super. 1976).

Sippel's argument that because venue was "proper" in Allegheny County, the trial court should not have sustained the preliminary objection, is thus meritless. This contention runs counter to the rule laid down in ***Central Contracting***, which allows a court in which venue is proper to nonetheless transfer the case pursuant to a freely agreed-upon, reasonable forum selection clause. 209 A.2d at 810.

Sippel's further contention that Lancaster County lacked "*in rem* subject matter jurisdiction" mixes apples with oranges. Whether a court has *in rem* jurisdiction is a question of personal jurisdiction, not subject matter jurisdiction. Here, Sippel waived any objection to Lancaster County's exercising *in rem* jurisdiction in the forum selection clause. ***See Wagner v. Wagner***, 768 A.2d 1112, 1120 (Pa. 2001) ("It is well-settled that a party may either expressly or impliedly consent to a court's personal jurisdiction"); ***Patriot Commercial Leasing Co. v. Kremer Rest. Enterprises, LLC***, 915 A.2d 647, 649 (Pa.Super. 2006) (affirming enforcement of forum selection

clause where defendants filed preliminary objections on the basis that they lacked sufficient contacts with Pennsylvania for the court's exercise of personal jurisdiction); *Commonwealth v. Perez*, 941 A.2d 778, 781 (Pa.Cmwlth. 2008) (explaining that *in rem* jurisdiction is a type of personal jurisdiction, not subject matter jurisdiction, and is waivable).[3]

Regardless, we see no impediment to Lancaster County's exercise of *in rem* jurisdiction. By statute, Pennsylvania courts have statewide jurisdiction over both the lands and bonds situated within the Commonwealth. *See* 42 Pa.C.S.A. §§ 5302, 5304; *see also Whitmer v. Whitmer*, 365 A.2d 1316, 1319 (Pa.Super. 1976) ("The basis of jurisdiction over property is the presence of the subject property within the territorial jurisdiction of the forum state").

Furthermore, Section 1701(c) and Rule 1652 by their terms provide for venue, not subject matter jurisdiction, and venue is waivable by written agreement. *Midwest Fin. Acceptance Corp. v. Lopez*, 78 A.3d 614, 628 (Pa.Super. 2013).[4] In any event, the courts of common pleas have unlimited original subject matter jurisdiction, unless some provision of law vests another

---

[3] Although decisions of the Commonwealth Court are not binding on this Court, we may consider them as persuasive authority. *Beaston v. Ebersole*, 986 A.2d 876, 881 (Pa.Super. 2009).

[4] *See also McGinley v. Scott*, 164 A.2d 424, 428 (Pa. 1960) ("Venue is the right of a party sued to have the action brought and heard in a particular judicial district. [While j]urisdiction of subject matter can never attach nor be acquired by consent or waiver of the parties, . . . **venue may always be waived**." (emphasis added)).

court with exclusive original jurisdiction. ***Beneficial Consumer Disc. Co. v. Vukman***, 77 A.3d 547, 552 (Pa. 2013) (citing Pa. Const. Art. V, § 5(b) and 42 Pa.C.S.A. § 931(a)). Sippel has not identified any such provision.

Here, two sophisticated parties, both represented by counsel, entered into a contract that chose a forum for any litigation arising from the contract. The forum selection clause states that it applies to all "[c]laims, disputes and other matters in question arising out of or relating to" the contract. It further provides that "[i]f a claim, dispute, or other matter in question relates to or is the subject of a mechanic's lien, the party asserting such matter may proceed in accordance with applicable law to comply with the lien notice or filing deadlines." Agreement at 17-18. The parties at the time of contracting thus contemplated that claims and disputes arising out of the contract might be the subject of a mechanics' lien claim, and agreed to submit litigation on such claims to Lancaster County.

Sippel also disputes the trial court's alternate conclusion that transfer was proper under the doctrine of *forum non conveniens*. We do not address them, as we affirm based on the forum selection clause.

Order affirmed.

President Judge Panella joins the memorandum.

Judge Stabile concurs in the result.

Judgment Entered.

- 9 -

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/6/2019