**Emery v. Emery**

C.P. of Lawrence County, no. 11392 of 2004, C.A.

*Jean K. Perkins,* for plaintiff.
*Bruce W. Emery,* pro se.

PICCIONE, *J.*, August 23, 2006—Before the court for disposition is Kimberly Carol Emery's (Mother) petition to relocate. Mother is requesting permission to relocate with the Minor Children, [ ] born June 6, 1991 and [ ] born June 24, 1993 to Mercer County, Pennsylvania. The court will not be utilizing any notes of testimony from the hearings to supplement the record, as the court wishes to implement this custody order in an expedited manner in order to best facilitate any transitions for the parties and the Minor Children before the commencement of the school year.

The existing custody order dated January 11, 2005 awards, by agreement of the parties, primary physical custody of the Minor Children to Mother, subject to the partial custody rights of Bruce W. Emery (Father). Father currently enjoys partial custody of the Minor Children on each Monday after school to 8 o'clock p.m. and on every other Friday after school until Saturday at 2 p.m. and every other Sunday on the weekends that Father does not have the minor children on Sunday at 2 p.m. until 7 p.m. Mother and Father share legal custody of the Minor Children.

Mother seeks to relocate the minor children to 1355 Cochranton Road, Mercer County, Pennsylvania. This is approximately a 50-minute drive from Mother's prior residence. Mother was employed by the Wilmington School District as a teacher's aid and has applied to the Cochranton School District for employment, but, to the court's knowledge, has not interviewed as of this time. The proposed relocation address is a two-story, five-bedroom home with two and one-half acres of land. Mother intends to reside at that location with her boyfriend of one year, Brian Smith.

Brian Smith is employed as a truck driver and currently has a good relationship with the Minor Children. If relocation is granted, the Minor Children would attend the Cochranton School District.

Father has not been exercising his periods of custody with the Minor Children for some time. Furthermore, Mother is unable to determine where Father currently resides, or what phone number he may be reached at. Mother has averred that she believes she can relay information to the Minor Children's paternal grandmother, who Mother purports is able to contact Father.

The court finds the standards enumerated in *Gruber v. Gruber,* 400 Pa. Super. 174, 186, 583 A.2d 434, 439 (1990), apply to this case in disposing of the relocation issue presented by Mother. The *Gruber* court set forth three factors a trial court must consider in determining whether a custodial parent may relocate a distance from the noncustodial parent.

"(1) [T]he potential advantages of the proposed move[, economic and otherwise,] and the likelihood . . . the move would substantially improve the quality of life for the custodial parent and the children and is not the result of a momentary whim on the part of the custodial parent. . . .

"(2) [T]he integrity of the motives of both the custodial and noncustodial parent in either seeking the move or seeking to prevent it. . . .

"(3) The availability of a realistic substitute visitation arrangement, which will adequately foster an ongoing relationship between the child[ren] and the non-custodial parent. *Gruber,* 400 Pa. Super at 186, 583 A.2d at 439; *Burkholder v. Burkholder,* 790 A.2d 1053 (Pa. Super. 2002).

These three factors must be included in the ultimate consideration of the court, which is the children's best interest. *Thomas v. Thomas,* 739 A.2d 206 (Pa. Super. 1999). Due to the fact that a custody order currently exists, the burden of proof is on the custodial parent requesting relocation. *Dranko v. Dranko,* 824 A.2d 1215 (Pa. Super. 2003); *Tripathi v. Tripathi,* 787 A.2d 436 (Pa. Super. 2001).

A determination of the children's best interest must be premised upon all factors that legitimately affect the children's physical, intellectual, moral and spiritual well-being. *McAlister v. McAlister,* 747 A.2d 390 (Pa. Super. 2000).

The first inquiry is whether the proposed relocation will improve the minor children's quality of life. The court finds that Mother is seeking to establish a new family unit with Mr. Smith and the Minor Children. Although the court will not consider Mr. Smith's income, as he is not married to Mother, this court notes that Mother has testified that she will be able to obtain similar employment in Mercer County. Furthermore, the court has heard testimony that Mother's current residence (co-owned with Father) is currently under mortgage foreclosure. As Father has not appeared, nor responded to these proceedings, this court is constrained to accept that the proposed relocation will improve the quality of the Minor Children's lives. Therefore, this court finds that the first prong of the *Gruber* analysis has been satisfied.

The next *Gruber* factor calls for the court to inquire into the integrity of the parties' motives. *Gruber,* 400 Pa. Super. at 186, 583 A.2d at 439. The court finds that Mother's desire to relocate is premised on her desire to further her relationship with Mr. Smith and attempt to establish a better situation, socially and economically, for

herself and the Minor Children. Father has not appeared in these proceedings; accordingly, it is impossible for this court to assess his motives. Accordingly, the court finds that the motives of the parties are pure, which satisfies the second *Gruber* prong.

The final prong of the *Gruber* analysis examines the availability of a realistic substitute visitation arrangement, which will foster adequately an ongoing relationship between the children and the noncustodial parent. *Id.* Father is purportedly failing to exercise his current periods of custody with the minor children. Nevertheless, due to the fact that the proposed relocation is approximately 50 minutes away from Father's last known residence address, this court finds that a realistic substitute custody arrangement would be easily accomplished if Father attempts to reestablish contact with the minor children. Specifically, this court notes that Father could exercise the same aggregate period of custody with the minor children under the modified custody order.

Accordingly, the court finds that the third prong of the *Gruber* analysis is satisfied.

Considering all relevant factors and the Minor Children's best interest, the court concludes Mother has now satisfied the standard set forth in *Gruber;* specifically, the court finds that the Minor Children will benefit from the proposed relocation, in that they will be in a developing family unit that is able to provide for their social, physical and economic needs. For these reasons, Mother's petition to relocate is granted.

## ORDER

And now, August 23, 2006, this court having held a hearing on July 31, 2006 on plaintiff's petition to relo-

cate, with Jean K. Perkins, Esquire, appearing and representing the plaintiff, Mother, and the defendant, Father, being unrepresented and not appearing after being paged three times in the outer corridor, the court finds and it is hereby ordered, adjudged and decreed as follows:

(1) The court finds that Mother has satisfied the three-prong test, analyzing the advantages of the relocation, the motives of the parties and the availability of realistic substitute custody arrangement, set forth in *Gruber v. Gruber* and its progeny. See *Gruber v. Gruber,* 400 Pa. Super. 174, 186, 583 A.2d 434, 439 (1990). Therefore, Mother's petition to relocate Minor Children is hereby granted as set forth in the accompanying opinion.

(2) Based on the above findings, the court enters the following order:

(a) Primary physical custody of the Minor Children, [   ] born June 6, 1991 and [   ] born June 24, 1993, is awarded to Mother, subject to the rights of partial physical custody of Father as hereinafter set forth.

(b) Father shall enjoy partial custody, holiday custody, and summer custody of the Minor Children as the parties from time to time shall mutually agree.

(c) In the absence of such mutual agreement, Father shall enjoy custody of the Minor Children as follows:

(i) During the school year, Father shall be entitled to custody of the Minor Children every other weekend after the close of school on Friday until 6 p.m. on Sunday.

(ii) The Minor Children's Christmas holiday from school shall be divided into two time periods, one commencing after the last day of school at the beginning of the Christmas holiday until 5 o'clock p.m. December 26, which shall be the first time period and another from 5 o'clock p.m.

December 26 to the following January 3 or commencement of school, whichever first occurs, which shall be the second time period. Such custody with the minor children shall be alternated annually between the parties with Mother being entitled to custody during the first time period and Father the second time period during even-numbered years, and Father being entitled to the first time period and Mother the second time period during odd-numbered years.

(iii) The parties shall alternate custody of the minor children on Thanksgiving and, if any, "spring break" or similar time off from school. Such custody with the Minor Children shall be alternated annually between the parties with Father being entitled to custody during the first time period and Mother the second time period during even-numbered years, and Mother being entitled to the first time period and Father the second time period during odd-numbered years.

(iv) During the summer months of June, July and August while the Minor Children are not in school, Mother and Father shall be entitled to three weeks of physical custody with the minor children and with each giving at least 30 days prior notice of such selection of custody to the other party. During the even-numbered years, Mother's choice shall take precedent and during odd-numbered years, Father's choice shall take precedent. Such vacation period shall occur during the time period commencing one week after the ending of school to one week prior to the commencement of school for the Minor Children.

(v) The parties shall share custody with the Minor Child on the child's birthday, as they shall from time to time mutually agree.

(vi) In addition, Mother shall be entitled to partial custody with the Minor Children on Mother's Day and Father shall be entitled to partial custody with the Minor Children on Father's Day.

(vii) Each of the parties shall enjoy reasonable telephonic visitation, including computer-aided video technology, with the Minor Children when the Minor Children are not in his or her custody at such reasonable times and hours as the parties may arrange. Neither party shall abuse the privilege by an unreasonably excessive number of contacts or length of contacts and shall not utilize the contact for any other purpose than visitation with the minor children. The then custodial parent and grandparent shall not intentionally withhold the availability of the Minor Children to prevent the then non-custodial parent from enjoying such visitation contact and shall make every effort to make the minor children available from time to time for such reasonable visitation contact.

(d) Mother and Father shall have shared legal custody of the Minor Children and shall execute any and all documents or releases necessary to effectuate legal custody, including but not restricted to, authorizations and/or releases for school reports, medical reports, insurance documents and documents required by state, local or federal authorities. Except in the case of medical emergencies, the custodial parent will consult with the noncustodial parent with regard to the medical, dental and psychiatric care and treatment of the Minor Children. Mother and Father shall have the right to review medical, dental and psychiatric records of the Minor Children. Also, the custodial parent is responsible for the academic performance of the Minor Children and the Minor Children's participation in normal extracurricular activities.

(e) In any transporting of the Minor Children, all parties and anyone involved with such transportation shall comply with the laws and regulations of the Commonwealth of Pennsylvania including those regarding children safety restraint apparatus in any vehicle used to transport the children.

(f) The transportation of the Minor Children for the purposes of the aforestated periods of custody shall be as the parties mutually agree. In the event that the parties fail to agree, such transportation shall be as follows:

(i) Father shall initiate all requests and arrangements for such transportation.

(ii) Mother and Father shall equally share the cost and responsibility of transporting the Minor Children to and from the aforestated periods of custody. Mother and Father shall arrange a mutually agreeable meeting destination to exchange custody of the Minor Children. In the absence of such agreement, Mother and Father shall select a destination that is approximately equal distance in time between the residence of the Mother and Father where the exchange of custody shall occur. It shall be the responsibility of Mother and Father to arrive at the custody exchange destination not later than 30 minutes after the agreed-upon time of exchange.

(g) The parties shall read and fully comply with the provisions of the appendix to custody order, which is attached hereto and filed with this order.

(h) The parties are directed to cooperate with each other in fulfilling the requirements of this order and all other orders in connection with this matter. Failure to do so may result in sanctions being imposed by the court upon the offending party, including suspension of custody and payment of attorney's fees.

(i) The provisions of all existing orders of court not in conflict with or modified by the provisions of this order shall remain and continue in full force and effect.

(3) The prothonotary shall serve notice of this order of court and opinion upon counsel of record for the parties, and if a party has no counsel, then upon said party at their last known address as contained in the court's file.